**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:14-CR-102 |
| | ) | |
| CARL TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Indictment, filed by Defendant, Carl Taylor, on July 7, 2015 (DE #17). For the reasons set forth below, the motion (DE #17) is **DENIED**.

BACKGROUND

Taylor is charged with one count of possession of a firearm in violation of 18 U.S.C. § 922(g)(1), which criminalizes possession of firearms and ammunition by any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." According to the indictment and discovery provided by the Government, Taylor was previously convicted of being a felon in possession of a firearm in the Northern District of Indiana (case no. 11 CR 105-RL-PRC). The indictment alleges Taylor possessed a Ruger .45 caliber P97 pistol with serial number

663-48905, in violation of section 922(g)(1). (DE #1.)

Defendant filed the instant motion to dismiss the indictment arguing: (1) 18 U.S.C. § 922(g)(1) is unconstitutional; (2) 18 U.S.C. § 922(g)(1) is not a legitimate use of Congress' authority under the commerce clause; and (3) 18 U.S.C. § 922(g)(1) violates the equal protection clause by abridging the right to bear arms based on various state statutes. These identical arguments were addressed and rejected by Chief Judge Simon last year, in *United States v. Jawan Hayes*, 2:14-cr-0072-PPS-APR, DE #14.

DISCUSSION

The Constitutionality of 18 U.S.C. § 922(g)(1)

Taylor first argues that Section 922(g)(1) is unconstitutional, as applied to him and on its face, because the statute infringes on his Second Amendment right to keep firearms for self-defense. (DE #17, pp. 2-5.) He relies on *District of Columbia v. Heller*, 554 U.S. 570 (2008), which recognized an individual right to keep firearms unconnected with militia service. But even *Heller* explicitly foreclosed Taylor's argument, stating, "nothing in our opinion should cast doubt on the longstanding prohibitions on the possession of firearms by felons . . ." *Heller*, 554 U.S. at 626. The Court then reaffirmed this position in *McDonald v. City of Chicago*, 140 S. Ct. 3020, 3047 (2010).

The Seventh Circuit has explicitly held that § 922(g)(1) is

2

constitutional.  *See U.S. v. Williams*, 616 F.3d 685 (7th Cir. 2010).  In *Williams*, the defendant was charged with possessing a firearm after an Indiana robbery conviction.  *Id*. at 693.  Williams claimed the felon-in-possession statute violated his Second Amendment rights.  The Court held that the statute was constitutional.  The *Williams* Court applied intermediate scrutiny and found that the Government's objective of keeping firearms out of the hands of violent felons was a proper objective and that there was a substantial relationship between that objective and the prohibition on felons possessing firearms.  *Id*. at 692-93.  *See also U.S. v. Davis*, 406 Fed. App'x 52, 54 (7th Cir. 2010) (describing a challenge to the constitutionality of § 922 as "frivolous" and foreclosed by the Supreme Court's opinion in *McDonald*.).  The other Circuit Courts have also been unanimous in upholding the statute's constitutionality.  *See Williams*, 616 F.3d at 693 (collecting cases).

Most recently, in *United States v. Shields*, the Seventh Circuit recognized that some categorical bans on firearm possession are constitutional. __ F.3d __, 2015 WL 3654318, at *12 (7th Cir. June 15, 2015).  In *Shields*, the Court found that "[b]ecause [defendant] was convicted of three violent felonies, applying § 922 (g)(1) here is substantially related to the Government's important interest in keeping firearms away from violent felons."  Similarly, this Court finds section 922(g)(1) is constitutional as applied to

3

Taylor.

The Constitutionality of 18 U.S.C. § 922(g)(1)

Taylor's next argument is that § 922(g)(1) exceeds Congress's power under the Commerce Clause because the mere possession of a firearm that once traveled in interstate commerce does not substantially affect interstate commerce. (DE #17, pp. 8-13.) The Supreme Court held precisely the opposite in *U.S. v. Scarborough*, 431 U.S. 563, 566 (1978), stating the Commerce Clause's interstate commerce nexus requirement was satisfied by proof that the firearm the defendant possessed had previously traveled in interstate commerce. Taylor argues that *Scarborough* has been implicitly overruled by more recent decisions, particularly *U.S. v. Lopez*, 514 U.S. 549 (1995), and *Heller.*

The Seventh Circuit has repeatedly rejected the argument that *Lopez* overruled S*carborough*. *See U.S. v. Wesela*, 223 F.3d 656, 660 (7th Cir. 2000) ("[w]e have determined that nothing in *Lopez* . . . casts doubt on the validity of § 922(g)."); *see also U.S. v. Juarez*, 454 F.3d 717, 719 (7th Cir. 2006); *U.S. v. Wilson*, 118 Fed. App'x 974, 976 (7th Cir. 2004); *U.S. v. Vallejo*, 373 F.3d 855, 860 (7th Cir. 2004); *U.S. v. Keller*, 376 F.3d 713, 716-17 (7th Cir. 2004); *U.S. v. Gillaum*, 372 F.3d 848, 862 (7th Cir. 2004). Section 922(g)(1) does not violate the Commerce Clause because it contains a jurisdictional element -"possess in or affecting commerce" - and

the Supreme Court has held that the prior movement of the firearm in intestate commerce suffices to meet that element. *Juarez*, 454 F.3d at 719.

With regard to *Heller*, it is not apparent how the Supreme Court's ruling on the Second Amendment affects Congress's power under the Commerce Clause. *Heller* itself certainly doesn't say anything about the Commerce Clause. Though the Seventh Circuit has not explicitly addressed this question, other Circuit Courts have. And all that have considered the question have held that the Court's decision in *Heller* had no effect on the constitutionality of § 922(g) under Congress's Commerce Clause power. *See U.S. v. Rene E.*, 583 F.3d 8, 18 (1st Cir. 2009); *U.S. v. Kline*, 494 F. App'x 323, 325-26 (4th Cir. 2012) *cert. denied*, 133 S. Ct. 963 (2013); *U.S. v. Irish*, 285 F. App'x 326, 327 (8th Cir. 2008); *U.S. v. Parker*, 371 F. App'x 749, 750 (9th Cir. 2010); *U.S. v. Gieswein*, 346 F. App'x 293, 296 (10th Cir. 2009); *U.S. v. Nicoll*, 400 F. App'x 468, 471 (11th Cir. 2010). This Court agrees with these other courts; in the absence of language in *Heller* or any other controlling case indicating that the right to bear arms reduces Commerce Clause federal jurisdiction, there is no basis for this Court to so rule. *See U.S. v. Schultz*, No. 1:08-CR-75-TS, 2009 WL 35225, at *4 (N.D. Ind. Jan. 5, 2009); *U.S. v. Radencich*, 3:08-CR-48(01)RM, 2009 WL 127648, at *3 (N.D. Ind. Jan. 20, 2009).

Taylor next claims that absent a constitutional basis for criminalizing intrastate firearm possession, Congress exceeded the limits of its authority in violation of the Tenth Amendment. (DE #17, p. 13.) This argument is simply incorrect. *See Wilson*, 118 Fed. App'x at 976 (holding § 922(g) does not violate the Tenth Amendment because it reflects a valid of exercise of federal power to regulate commerce and does not commandeer States or their officials); *see also U.S. v. Jackubowski*, 63 Fed. App'x 959, 961 (7th Cir. 2003); *U.S. v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001); *Gillespie v. City of Indianapolis*, 185 F.3d 693, 706 (7th Cir. 1999).

<u>Whether 18 U.S.C. § 922(g)(1) Violates the Equal Protection Clause</u>

Finally, Taylor argues that § 922(g)(1) violates the Equal Protection Clause. (DE #17, p. 14.) He argues the law is "facially unequal" (*id.*, p. 15) because it relies on diverse state definitions of felony crimes to define the conduct that leads to the loss of the right to possess firearms. The statute also incorporates state restoration schemes which means it inconsistently restores the right to possess firearms, in addition to inconsistently taking away the right. Taylor next argues that the *Heller* decision established a fundamental right to bear arms, meaning statutes restricting or limiting this fundamental right, like § 922(g)(1) must be reviewed under strict scrutiny.

This argument, too, has been foreclosed by the Seventh Circuit. *See U.S. v. Williams*, 616 F.3d 685, 694 (7th 2010) (rejecting defendant's equal protection challenge to § 922(g)(1) based on the incorporation of different state felony definitions); *U.S. v. Skoien*, 614 F.3d 638, 641 (7th Cir. 2010) (*en banc*) ("[t]rue [§ 922] tolerates different outcomes for persons convicted in different states, but this is true of all situations in which a firearms disability (or any other adverse consequence) depends on state law.").

Here's why. The Supreme Court in *Heller* did not establish a fundament right to bear arms, nor did the Court explicitly adopt a level of scrutiny for Second Amendment challenges. Some courts have stuck with rational basis review. *See, e.g.*, *U.S. v. Vongxay*, 594 F.3d 1111, 1119 (9th Cir. 2010). The Seventh Circuit has used intermediate scrutiny to review Second Amendment and Equal Protection challenges to the felon-in-possession statute and similar restrictions on gun ownership. *See Williams*, 616 F.3d at 693 (felon-in-possession statute withstands intermediate scrutiny; *Skoien*, 614 F.3d at 641 (same level of scrutiny for those previously convicted of possessing a gun after being convicted of a violent misdemeanors); *U.S. v. Yancey*, 621 F.3d 681, 683 (7th Cir. 2010) (habitual-drug-user-in-possession statute withstands intermediate scrutiny); *Schultz*, 2009 WL 35225, at *5 (felon-in-possession statute withstands intermediate scrutiny); *Radencich*,

2009 WL 127648, at *4-5 (same). As noted above, the felon-in-possession statutes pass muster under this level of scrutiny because the government's objective, public safety, is an important one. *See Williams*, 616 F.3d at 693; *Skoien*, 614 F.3d at 642 ("no one doubts that . . . preventing armed mayhem is an important governmental objective"). And the means the government uses - keeping firearms out of the hands of those most likely to commit crimes - is substantially related to the objective. *Williams*, 616 F.3d at 693; *Skoien*, 614 F.3d at 644. Therefore, Taylor's Equal Protection challenge is without merit.

CONCLUSION

For the reasons set forth below, the motion to dismiss the indictment (DE #17) is **DENIED**.

DATED: July 15, 2015         /s/ RUDY LOZANO, Judge
                             **United States District Court**