# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:14-CR-102 |
| ) | |
| CARL TAYLOR, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion to Suppress Tangible Evidence, filed by Defendant, Carl Taylor, on July 7, 2015 (DE #18); and (2) Motion to Suppress Statements, filed by Defendant, Carl Taylor, on July 7, 2015 (DE #19). For the reasons set forth below, both motions (DE ##18 and 19) are **DENIED as untimely.**

On October 16, 2014, Taylor was charged via indictment with a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. On March 12, 2015, Defendant was arraigned and an order was entered requiring all pretrial motions to be filed by April 9, 2015. (DE #9.) According to the Government, on March 17, 2015, the Government turned over Rule 16 discovery, including police reports and the recorded interview of Carl Taylor.

On April 27, 2015, Taylor moved for a continuance of the trial and final pretrial conference, but did not request any extension of

time to file pretrial motions.  (DE #11.) Indeed, no request for more time to file pretrial motions was ever submitted.

On June 26, 2015, the Government filed a plea agreement signed by Taylor.  (DE #13.)  On July 1, 2015, a change of plea hearing began before this Court, but was interrupted due to technical difficulties.  On July 2, 2015, at Defendant's request, a continuance was granted until July 13, 2015, for the change of plea hearing.  (DE #16.)  On July 7, 2015, Taylor filed the instant motion to suppress tangible evidence (DE #18), and a motion to suppress statements (DE #19).

The motions to suppress are untimely.  Magistrate Judge Cherry ordered all pretrial motions to be filed by April 9, 2015.  This deadline passed 89 days before the filing of the instant motions to suppress.  The Government gave discovery to Defendant on March 17, 2015, thus he has been aware of the facts of this case for a long time.  Defendant did not seek an extension of time in which to file a motion to suppress, or seek leave to file late motions.

If a defendant wishes to purse a motion to suppress, he must do so before trial.  Fed. R. Crim. P. 12(b)(3)(C).  Moreover, the Court may set a deadline for the parties to make pretrial motions. Rule 12(c)(1).  "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause."  Rule 12(c)(2).  Here, Defendant offered no reason, much

2

less good cause, for the extremely late filings of the instant motions to suppress.  As such, the motions to suppress are denied as untimely.  *See, e.g., United States v. Angle*, 234 F.3d 326, 333 (7th Cir. 2000) (upholding the district court's denial of motion to suppress as untimely, finding "court did not abuse its discretion in denying [defendant's] suppress motion for untimeliness."); *United States v. Lauderdale*, No. 07-cr-30052-MJR, 2007 WL 3231469, at *1 (S.D. Ill. 2007) (denying motion to suppress when two motions to suppress filed 24 days late and no showing of good cause was made).[1]


**DATED:    July 15, 2015**              **/s/ RUDY LOZANO, Judge**
                                          **United States District Court**

---

[1] The Court has reviewed the submissions by the parties, and notes that even if the motions to suppress were considered on their merits, they would still fail.

3